Day, J.
The two cases submitted have the same material facts, and involve the same propositions of error, and are disposed of together.
The plaintiff in error, in each case, was before the mayor of the village of Rushsylvania, in Logan county, on complaint of being the keeper of a place where intoxicating liquors were sold contrary to the provisions of an ordinance of said village. Issue was joined on the charge; trial was had and defendants found guilty, and each sentenced to pay a fine and costs of prosecution, and judgment was entered therefor. On review in the common pleas court the judgment of the mayor’s court was affirmed, and it is now sought by proceeding in error, here, to reverse the judgment of both the lower courts.
The validity of the ordinance is challenged. Its sufficiency, as to form and substance, is not questioned; nor is the regularity, or efficiency of the method and course of proceedure, *76 by which it was passed, criticized ; but the single proposition is submitted and relied on, that the council which passed the ordinance was not a legal body with power to act. That regular meetings of council had not been provided for by ordinance, at that time, and the meeting in question was held upon call of the mayor, and the notice of meeting was not in accordance with the provisions of law, in that, it was not in writing served personally, on each member, etc.; and therefore the council was not lawfully convened, was not lawfully met, and was without jurisdiction or power to pass the ordinance.
The facts necessary to a proper determination of the question, appearing from the record exhibited to the court, are : On October 29, 1889, the council of the village of Rushsylvania met on call of the mayor of the village, “ for the purpose of granting order on New street, and for other business coming before the council.” All the members of the council were notified of the time, place and purpose of the meeting, and on the 29th, the date fixed, the mayor and five members met, transacted public business and adjourned to Monday, November 4th. At this date the mayor and six members of the council met. At this meeting the ordinance in question was introduced and read for the first time. The council then adjourned'to November 6th, when all the members met; the ordinance was read a second time and a further adjournment to November 8th, 'when the mayor and five members met; the ordinance was read a third time and put upon its passage and passed; all the five members present voting for it. The absent member had full notice of the meeting of the council, and that the ordinance would be put on its final passage. There was no ordinance in force at that time, fixing the times of regular meetings of the council, and it does not appear that written notice of meeting was served personally on each member,, or left at his usual place of abode.
Section 11 of the Dow' law, so-called, grants the necessary power to the council to legislate on the subject. Sec. 1692, *77 Rev. Stat., authorizes the councils of municipal corporations to enforce the powers granted by the adoption of ordinance, and sec. 1693 and the following sections, points out with great particularity, the methods and course of proceedure, in the adoption of ordinances, resolutions and by-laws. From these sections, it is manifest the council had power to pass the ordinance, and the course of proceedure marked out in the statute was strictly followed; so a valid ordinance was enacted, if the council was properly organized, as a body, and lawfully convened. And that is the question : Was the village council of Rushsylvania lawfully convened? Were its meetings of October 29th and November 4th, 6th and 8th, valid, so that the ordinance passed by it became law and operative in the village ? Sec. 1677, Rev. Stat., provides for regular and called meetings of the council. The regular meetings provided for, may be held at such times and places as may be provided for by ordinance; and the mayor or three members may call special meetings upon notice to each member, served personally, or left at his usual place of abode.” Council, when convened, may adjourn its meeting to a day certain, and such adjournment has been held to be but a prolongation of the meeting which is adjourned. Under this ruling, the meetings of November 4th, 6th and 8th were continuations, or prolongation of the called special meeting of October 29th. As stated, it does not appear that written notice of that meeting, or adjournments of it, was served on each of the members or left at his usual place of abode, as a very strict construction of the statute would seem to require; but it does appear that each member had actual notice of the meetings and their purpose; had accepted notice in good faith, and in good faith met to transact the public business — all of them on November 4th and 6th, and five of them — more than a quorum — on October 29th and November 8th.
There is not even a suggestion of undue haste or .of any improper thing. All appears to have been open and proper and in the utmost good faith. It was as though all the members *78 perceiving the necessity and propriety of meeting and of action, had with unanimity, waived — declined to wait for the mere technical and formal provisions for securing a meeting, and came together as a council to- take such action for the public good as the situation and present circumstances seemed to require. It would seem, the assembling of the village legislature under such favorable circumstances and conditions, ought to be regarded as filling every essential, lawful requirement and entitling the body, so meeting, to transact the public business. The' criticism that the notice to meet was not in wilting, under such state of facts, becomes non-essential and technical only, and wholly without substance or merit. 'Why should it be considered of essence, that three members of council, in order to have a proper meeting, serve written notice to meet on the other three, when all six, feel and know the necessity of meeting, are willing and eager to meet, and do, in fact and in good faith meet ?
James Kernan, for plaintiff in error.
G. W. Emerson, for defendant in error.
To our knowledge, the Supreme Court of Ohio has not directly passed on the question we have in this case, but the Supreme Court of Nebraska has, in the case of Magnan et al. v. The City of Fremont et al., made a ruling precisely in line with the views we here express. So we say, both on reason and authority, that the council of Rushsylvania, which passed the ordinance in question, was lawfully met and had full power to pass the ordinance, so it became valid law and operative in said village. It follows there was no error in the judgment of common pleas or mayor’s court, and their judgments are affirmed with costs.
Seney, J., dissents.